MARY FRANCES JENKINS v. NATIONAL CENTRAL LIFE
INSURANCE COMPANY

No. 7227DC510

(Filed 2 August 1972)

**Evidence § 33— hearsay evidence — letter describing plaintiff insured's health**

> In an action to recover on an insurance policy providing for payment upon death of insured resulting from an automobile accident, the trial court erred in admitting into evidence a medical opinion concerning the health of insured in the form of a letter written some four years prior to the accident in question since such medical report, offered and received as direct evidence of the truth of its contents, constituted hearsay evidence.

APPEAL by defendant from *Bulwinkle, District Judge,* 14 February 1972 Session of District Court held in GASTON County.

Civil action to recover under a policy of automobile insurance issued by the defendant insurance company to the plaintiff's father, Harry E. Jenkins. In this insurance policy, the plaintiff was sole beneficiary under that section providing for payment for loss of life of the insured sustained while driving an automobile during the term of the policy, provided that the bodily injuries producing death were solely responsible for that death and resulted directly and exclusively from an automobile accident.

The plaintiff's evidence tended to show that the insured had died shortly after having been involved in an automobile collision on 14 June 1969, a time when the policy in question was in effect. The exact cause of death was not determined and no autopsy was performed. The defendant insurer denied liability and refused to make payment to the plaintiff, and from a verdict and judgment in the district court for plaintiff, the defendant appealed to the Court of Appeals, assigning error.

*Mullen, Holland & Harrell by Langdon M. Cooper for plaintiff appellee.*

*Charles D. Gray III for defendant appellant.*

MALLARD, Chief Judge.

The first question presented by appellant is whether the court erred in admitting into evidence over defendant's objection a copy of a statement of a medical opinion concerning the health of Harry E. Jenkins on 25 January 1965 in the form of a letter from a Dr. Charles Pugh (who was dead at the time of this trial in February 1972), "To Whom It May Concern" dated 25 January 1965. This statement had been given to one George Jenkins, an insurance agent, in response to his request to Harry E. Jenkins in connection with the renewal of the latter's auto liability insurance for a statement from his family doctor as to his health.

The general rule with respect to letters of or to third persons is set forth in 29 Am. Jur. 2d, Evidence, § 881, p. 984, as follows:

"Generally, correspondence of third persons, where offered as evidence of the facts stated therein, must be

excluded under the general principle respecting res inter alios acta, unless the party against whom the communications are tendered is in some way connected therewith or knew and approved their utterance. Also, letters of or to third persons, where offered as proof of the facts stated therein, fall within the purview of, and thus may be subject to exclusion under, the hearsay evidence rule. * * *"

In the case of *Potts v. Howser*, 274 N.C. 49, 161 S.E. 2d 737 (1968), it is said:

"Defendant's cross-examination of plaintiff concerning Dr. Floyd's medical report was for the purpose of showing that plaintiff had been injured and disabled in the Wilmington accident and could not claim damages against defendant for that period of disability. Defendant was not merely seeking to establish the fact that Dr. Floyd rendered a medical report. Rather, he was seeking to establish the *truth* of what the report *said* and was placing its contents before the jury without introducing it. He was doing indirectly what he could not do directly. The medical report itself was clearly hearsay. Dr. Floyd was not in court and subject to cross-examination. It therefore follows that plaintiff's Exceptions Nos. 18, 19 and 20 should have been sustained."

The medical report of Dr. Pugh was offered and received as direct evidence of the truth of its contents. The defendant in this case was not shown to have been in any way connected with this medical statement of Dr. Pugh or to have had any knowledge of its utterance. The circumtances relating to this medical report are substantially similar to those relating to the report held to be hearsay in *Potts v. Howser, supra.* Therefore, it was prejudicial error to admit the medical report of the late Dr. Pugh in this case, not necessarily because it was a copy but primarily because it was hearsay evidence.

The hypothetical question posed to Dr. Glenn was based in part upon the incompetent evidence admitted in the medical report; therefore, the court committed error in admitting the answer to the hypothetical question.

Inasmuch as there must be a new trial because of prejudicial error in the admission of evidence, we do not deem it

necessary or proper to rule on defendant's other assignments of error.

The defendant is entitled to a new trial.

New trial.

Judges CAMPBELL and BRITT concur.